UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARLA PRENDERGAST,**

      **Plaintiff,**

  v.                                            Civil Action 2:25-cv-996
                                                  Judge Algenon L. Marbley
                                                  Magistrate Judge Chelsey M. Vascura

**WODA COOPER COMPANIES
ATCHESON PLACE LOFTS,** *et al.***,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Carla Prendergast, sues her former and prospective landlords, as well as the Legal Aid Society of Columbus and the Ohio Adult Parole Authority, in connection with her loss of housing, for violation of the Fair Housing Act, for violation of her Fourteenth Amendment due process rights under 42 U.S.C. § 1983, and several state law violations. Plaintiff has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, it is **RECOMMENDED** that Plaintiff's federal claims be dismissed under § 1915(e)(2) for failure to

state a claim on which relief can be granted. It is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims in accordance with 28 U.S.C. § 1367(c)(3), and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

2

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that she was forced to vacate her apartment at the Atcheson Place Lofts after she and/or her boyfriend, who was released to Plaintiff's home under supervision of the

3

Ohio Adult Parole Authority for house arrest, suffered a psychotic episode that escalated tensions in the apartment building. After Woda Cooper Companies, that operate the Atcheson Place Lofts, served Plaintiff with an eviction notice, Plaintiff agreed to leave peacefully under the conditions that she would not be held liable for damages and would receive her full security deposit. However, Atcheson withheld the security deposit, and the Legal Aid Society of Columbus did not assist Plaintiff in enforcing the agreement. Plaintiff attempted to secure new housing with Metropolitan Holdings, operating the Triumph Apartment complex, but Triumph allegedly passed over Plaintiff's Section 8 housing voucher application in favor of other applicants, which Plaintiff contends constitutes source-of-income discrimination. (Compl., ECF No. 1-1.)

Plaintiff's Complaint advances six claims: (1) Housing discrimination under the Fair Housing Act ("FHA") against Triumph, (2) retaliation and denial of due process by Atcheson under 42 U.S.C. § 1983, (3) legal negligence against Legal Aid for breach of duty and conflict of interest, (4) government misconduct against the Ohio Adult Parole Authority for failure to disclose that Plaintiff's boyfriend's release was subject to house arrest, (5) intentional infliction of emotional distress against all Defendants, and (6) breach of agreement against Atcheson and Legal Aid. As relief, Plaintiff seeks compensatory and punitive damages and injunctive and declaratory relief. (*Id.*)

Plaintiff's federal claims must be dismissed. First, Plaintiff's claim for source-of-income discrimination against Triumph under the FHA fails because source of income is not a protected characteristic under the FHA. *See* 42 U.S.C. § 3604 (prohibiting housing discrimination because of "race, color, religion, sex, handicap, familial status, or national origin"); *Kaiser v. Fairfield Props.*, No. 20CV05399GRBJMW, 2022 WL 17412405, at *5 (E.D.N.Y. Feb. 11, 2022), report and recommendation adopted (Mar. 11, 2022) ("Because source of income, and specifically

Section 8 funding recipients, are not protected classes under the FHA, Plaintiff fails to state that he is in a protected class, and thus, cannot meet the pleading standard required to maintain an FHA claim."). Plaintiff has therefore failed to state a claim for discrimination under the FHA.

Next, Plaintiff's claim under § 1983 for violation of her due process rights is asserted only against Woda Cooper Companies operating the Atcheson Place Lofts. To succeed on a claim under § 1983, Plaintiff must plead two elements: that she was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff's § 1983 claims fail to satisfy the second element. Plaintiff's allegations indicate that Woda Cooper Companies and the Atcheson Place Lofts are private entities. Plaintiff's Complaint does not suggest that Woda or Atcheson are state actors for purposes of § 1983. *See, e.g.*, *Hill v. Langer*, 86 F. App'x 163, 167 (6th Cir. 2004) ("filing an eviction proceeding is not, in and of itself, a state action"). Plaintiff has therefore failed to state a claim against Woda or Atcheson for violation of her due process rights.

Finally, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations relating to negligence, "government misconduct" (which the undersigned construes as a fraud claim for failure to disclose the conditions of Plaintiff's boyfriend's release), intentional infliction of emotional distress, and breach of contract fail to provide a basis for a

claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's remaining claims pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that she and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over her state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

### III. DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim on which relief can be granted, and that Plaintiff's remaining state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE